IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANGEL RODRIGUEZ, | )<br>)<br>) |
| Plaintiff, | ) Case No. 6:23-cv-00264<br>)<br>) |
| v. | )<br>) |
| COMMUNITY CONNECTIONS TRANSPORTATIONS, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, ANGEL RODRIGUEZ, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, COMMUNITY CONNECTIONS TRANSPORTATIONS, INC., Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against Defendant COMMUNITY CONNECTIONS TRANSPORTATIONS, INC., for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692k(d) and 28 U.S.C. § 1331.

2. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Angel Rodriguez is an adult individual residing in Orlando, Florida.

4. Defendant COMMUNITY CONNECTIONS TRANSPORTATIONS, INC. (hereafter "CCT") is business entity that regularly conducts business in the Middle District of Florida, and which has a principal place of business located at 3319 Maguire Blvd Suite 100, Orlando, FL 32803.

## FACTUAL ALLEGATIONS

1. In or around March 2022, Plaintiff applied for the position of driver with Defendant CCT.

2. CCT hired Plaintiff in or around April 2022.

3. After starting his employment with CCT, Plaintiff was fired from employment based on a background report conducted by Verisk Analytics, Inc. d/b/a IIX ("IIX") pursuant to an agreement between CCT and IIX whereby IIX performs a routine standardized background screen on CCT's employees. IIX adjudicated Plaintiff as ineligible for the job based upon IIX's inaccurate reporting that Plaintiff had multiple criminal convictions. These crimes, however, do not belong to Plaintiff.

4. Under the FCRA, any "person" using a consumer report, such as CCT, who intends to take an "adverse action" for employment "based in whole or in

part" on information obtained from the consumer report must provide notice of that fact to the consumer-employee, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

5. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action, such as a suspension, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job is lost.

6. In violation of the FCRA, CCT failed to comply with the FCRA's mandatory pre-adverse action notification requirement and failed to provide a copy of the inaccurate background report it obtained from First Advantage, *before* taking adverse action, as required by 15 U.S.C. § 1681b(b)(3).

7. As a direct result of the inaccurate information contained in his background report, and CCT's failure to provide notice and the opportunity to dispute the inaccurate information, CCT terminated Plaintiff from his employment.

8. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, lost wages, harm to reputation, and emotional distress, including anxiety, humiliation and embarrassment.

9. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

10. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLAIMS

### COUNT I
### VIOLATIONS OF THE FRCA

11. Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

12. Defendant CCT is a "person" as that term is defined by § 1681a(b) of the FCRA.

13. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

14. The above-mentioned report is a "consumer report" as that term is defined by § 1681a(d) of the FCRA.

15. Pursuant to its usual policies and practices Defendant CCT never provided Plaintiff with adequate pre-adverse action notice before taking adverse action against him.

16. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997, to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

17. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*).

18. By means of these cases and others construing § 1681b(b)(3)(A), Defendant CCT had substantial notice that its conduct violated the FCRA.

19. By failing to provide Plaintiff with adequate pre-adverse notice, and means or information to dispute the inaccurate information in the consumer report, prior to taking adverse action against him based on the report, Defendant CCT disregarded the case law, regulatory guidance, and the plain language of the FCRA § 1681b(b)(3)(A).

20. Defendant CCT used a consumer report for employment purposes and

took adverse action against Plaintiff based in whole or in part on the consumer report.

21. Defendant CCT negligently and willfully failed to comply with the requirements of FCRA § 1681b(b)(3)(A) by failing to provide Plaintiff with adequate pre-adverse action notice before taking adverse action against him, as well as a copy of Report and statement of Plaintiff's rights under the FCRA.

22. Pursuant to 15 U.S.C. § 1681n and 1681o, Defendant CCT is liable to Plaintiff for willfully and negligently violating FCRA § 1681b(b)(3).

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**ANGEL RODRIGUEZ**

By: __s/ David M. Marco__
Attorney for Plaintiff

Dated: February 15, 2023

David M. Marco - FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, Florida 34240
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:     dmarco@smithmarco.com